Dear Mr. Spruel:
This office is in receipt of your request in regard to the Deferred Retirement Option Plan (DROP) under R.S. 11:786
through 791. You set forth the following facts:
 Employees informed the School Board Personnel Department that they wished to participate in DROP for two years. An employee of the School Board Personnel Department inserted on the DROP application as the ending date of the participation a date corresponding to the end of the contract year for the prospective DROP program participant rather than the fiscal or calendar year. This DROP application was signed by the applicant before a witness as prescribed in the application. At the termination of the DROP participation, the participants elected not to retire, but continue in their employment. As a result of the dating by the School Board Personnel employee, the DROP participant received twenty-three rather than twenty-four DROP checks, having begun participation on July 1, 1992.
You present these questions:
 1. Can the School Board pay an affected employee the amount of compensation "lost" as a result of participating in the DROP program for twenty-three (23) rather than twenty-four (24) months; and
 2. Are the prohibitions in La. Art. VII, Sec. 14(A) applicable to this matter.
While Article VII, Sec. 14(A), La. Const. 1974, prohibits the donation, loan or pledge of public funds, we do not feel under the circumstances presented that the payment of the twenty-fourth month for the DROP account is a donation. We reach this conclusion on the basis that the employees requested a participation for two years, and through an error of an employee of the School Board, the termination date was set at twenty-three months rather than the full two years. We realize that the application was signed by the participant, but do not feel this should shift the responsibility as their sole fault.
Accordingly, we feel an agreement could be reached were the School Board takes responsibility for the "loss" and thereby removes any reimbursement they may agree to make from the category of a prohibited donation, but a matter of correction of an error. It is the expenditure of public funds without an underlying obligation that is a prohibited donation of public funds.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General